# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JUDEAU S. BROWN, JR.,                    :
                                         :
            Plaintiff,                   :
                                         :
      v.                                 : Civ. No. 21-364-CFC
                                         :
THE HONORABLE WILLIAM L.                 :
WITHAM, JR., et al.,                     :
                                         :
            Defendants.                  :

_____

Judeau S. Brown, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro
Se Plaintiff.

### <u>MEMORANDUM OPINION</u>

October 26, 2021
Wilmington, Delaware

CONNOLLY, Chief Judge:

## I.  INTRODUCTION

Plaintiff Judeau S. Brown, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3)  He filed amendments to the complaint on April 7, 2021 and October 7, 2021.  (D.I. 7, 9)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 5)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.  BACKGROUND

The following facts are taken from the Complaint and its amendments and assumed to be true for screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff alleges violations of the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.  (D.I. 9 at 3)  On May 7, 2018, Plaintiff pled guilty to first degree robbery and possession of a firearm during the commission of a felony and was sentenced to seven years.  (*Id.* at 4)  Plaintiff alleges that Defendant Deputy Attorney General Stephen E. Smith promised to reduce Plaintiff's sentence in exchange for cooperation, and Plaintiff's criminal defense attorney Defendant Anthony J. Capone assured Plaintiff that Smith would reduce Plaintiff's seven-year sentence for cooperation.  (D.I. 3 at 5)  In the original Complaint Plaintiff alleges that after careful review, he signed the plea agreement.  (*Id.* at 5)  In the Amended Complaint Plaintiff alleges that Defendant Judge William L Witham, Jr. accepted the plea agreement without Plaintiff's signature in the reserved space or immediate proximity for a defendant to sign in a criminal matter.  (D.I. 9 at 5)  Plaintiff cooperated with law enforcement.  (D.I. 3 at 6)

The Court takes judicial notice that Plaintiff did not appeal his conviction or sentence and, instead, filed a motion for reduction of sentence on August 2, 2018. *See State v. Brown*, 2019 WL 4899741, at *1 (Del. Super. Oct. 3, 2019), *aff'd*, 234 A.3d 2020, 2020 WL 2847866 (Del. June 1, 2020) (table), *reargument denied* (June 30, 2020). The motion was denied on August 20, 2018. *Id.* Plaintiff also filed two motions for postconviction relief. Both were denied, and the decisions were affirmed on appeal. *See Brown v. State*, 242 A.3d 1086, 2020 WL 7212719 (Del. Dec. 3, 2020) (table). In ruling on Plaintiff's first motion for postconviction relief, the Superior Court stated that "prior to entering his guilty plea, Brown signed a Guilty Plea Form and Plea Agreement in his own handwriting. Brown's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement." *State v. Brown*, 2019 WL 4899741, at *3.

On February 2, 2021, Plaintiff filed another motion for a reduction in sentence based upon his cooperation as set forth in the plea agreement. (*Id.* at 6) Judge Witham denied the motion on February 16, 2021. (*Id.*) Plaintiff alleges the denial violated his plea agreement and further that Smith has not reduced Plaintiff's sentence in violation of the plea agreement. (*Id.*) Plaintiff alleges Judge Witham, Smith, and Capone tricked him into pleading guilty. (*Id.*) Plaintiff alleges that Defendant Warden Robert May is currently unlawfully imprisoning him in the absence of a trial or a completely executed or finalized plea agreement. (D.I. 9 at 5)

Plaintiff seeks enforcement of the plea agreement, a reduction in his sentence to time served or three and one-half years, $50,000 per each year of incarceration, or bail

2

and release from prison pending the outcome of his federal habeas corpus case, Civ.
No. 21-200-CFC.  (D.,I. 3 at 8; D.I.  at 7)

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening
provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or
malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,
452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28
U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental
defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison
conditions).  The Court must accept all factual allegations in a complaint as true and
take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of
Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93
(2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his
Complaint and amendments, "however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations
omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See
Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490
U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112
(3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably
meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Toursher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574

4

U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## IV.    DISCUSSION

### A.    Statute of Limitations

To the extent Plaintiff raises claims based on acts that occurred on or before February 25, 2019, the claims are time barred.  For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1983).  In Delaware, § 1983 claims are subject to a two-year limitations period.  *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action."  *Id.*  Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed.  *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

Plaintiff refers to action or inaction that occurred in 2018, including that Defendants tricked him into pleading guilty and thus violated his right to due process. Those claims are time-barred and will be dismissed. Amendment is futile as to these claims.

### B.   Immunity

Two named defendants, Judge Witham and Smith are immune from suit. Judge Witham has judicial immunity and Smith has prosecutorial immunity.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Here all the alleged wrongful acts of Judge Witham are related to actions he took as a judge. Moreover, there are no allegations to show that Judge Witham acted in the absence of jurisdiction.

As for Smith, the acts complained of occurred during the prosecution of Plaintiff's criminal case. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Smith's actions fit squarely within the realm of official prosecutorial duties. *See Stankowski v. Farley*, 251 F. App'x 743, 747 (3d Cir. 2007)

6

(quoting *Imbler v. Pachtman*, 424 U.S. at 430 (negotiation of a plea agreement is "intimately associated with the judicial phase of the criminal process").

Judge Witham and Smith are immune from suit. All claims against them will be dismissed. Amendment is futile as to the claims against Witham and Smith.

### C.   State Actor

Plaintiff has named Capone, his criminal defense attorney and an attorney with the Kent County Public Defender's office, as a defendant. In *Polk County v. Dodson*, 454 U.S. 312, 314 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under 42 U.S.C. § 1983. A public defender, therefore, is not liable under § 1983 when performing a lawyer's traditional functions. *Stankowski v. Farley*, 251 F. App'x at 747. Capone is not liable under § 1983 for the misconduct alleged and will be dismissed as a defendant. Amendment is futile as to all claims against Capone.

### D.   Incarceration

Plaintiff alleges that he is being wrongfully incarcerated by Warden May in the absence of a trial or a completely executed or finalized plea agreement.

In the context of an Eighth Amendment claim for incarceration without penological justification, a plaintiff must demonstrate three elements to establish § 1983 liability against a prison official: (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's

response to the problem and the unjustified detention. *Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010) (citing *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989)).

The allegations against Warden May are conclusory with no factual support.  Nor are there any allegations that come close to stating a claim for unlawful incarceration. The claim will be dismissed.  Amendment is futile as to this claim.

### E.    Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011).  Plaintiff is aware of this.  Currently pending in this court is Plaintiff's petition for a writ of habeas corpus. *See Brown v. May*, Civ. No. 21-200-CFC (D. Del.) filed February 12, 2021.  Also, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.  As the Supreme Court stated in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the

8

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* 81–82 (emphasis in the original).  Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated.  Accordingly, to the extent his § 1983 claim constitutes a challenge to his conviction and/or sentence, the claim is frivolous and will be dismissed.  Amendment is futile.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the action pursuant to 28 U.S.C §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2) as legally frivolous and based upon immunity from suit.  Amendment is futile.

An appropriate order will be entered.